IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| RICHARD POLIDI, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-1030 |
| | ) | |
| MICHELLE K. LEE, | ) | |
| Respondent. | ) | |
| | ) | |

### ORDER

The matter is before the Court on petitioner's petition for judicial review of respondent's Order excluding petitioner from practice before the United States Patent and Trademark Office ("PTO"). Respondent has replied to the petition and submitted a copy of the administrative record pursuant to Rule 83.5, E.D. Va. Civ. R. Because further briefing and argument will not aid in the decisional process, the matter is ripe for disposition on the current submissions. *See* 35 U.S.C. § 32 (review is "under such conditions and upon such proceedings" as the United States District Court for the Easter District of Virginia requires); Rule 83.5 (noting that briefing and argument are discretionary).

Review of an order excluding an attorney from practice before the PTO is conducted under the APA.[1] *Bender v. Dudas*, 490 F.3d 1361, 1365 (Fed. Cir. 2007). Accordingly, the PTO's challenged disciplinary action may be set aside only if the decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* (citing 5 U.S.C. § 706). The "sole basis for review" is the administrative record. *See* Rule 83.5. Judicial review under the APA standard is "highly deferential" and requires only a rational basis for the

---

[1] Administrative Procedure Act, 5 U.S.C. § 500 *et seq.*

1

challenged agency decision. *See Manufactured Housing Inst. v. EPA*, 467 F.3d 391, 398 (4th Cir. 2006).

### I.

The pertinent facts from the administrative record may be succinctly stated.[2] On July 22, 2014, petitioner surrendered his license to practice law in North Carolina on the ground that petitioner could not successfully defend himself in a pending professional misconduct investigation. A20. That same day, petitioner was disbarred from the practice of law in North Carolina by Order of the Wake County, North Carolina Superior Court. A18-19. Specifically, the North Carolina state court found that petitioner violated North Carolina's Rules of Professional Conduct when, in September 2012, petitioner used entrusted funds for improper purposes. *Id.*

Thereafter, on February 10, 2015, the PTO issued a Disciplinary Notice and Order via certified mail to petitioner notifying petitioner that a complaint for reciprocal discipline had been filed against him in the PTO, pursuant to 37 C.F.R. § 11.24. A1-6. Under that regulation, the PTO's initial Notice triggered a forty-day period in which petitioner could respond in order to establish a qualifying genuine issue of material fact that the imposition of reciprocal discipline would be unwarranted. Petitioner received the Notice and notification of his right to respond; in fact, petitioner sought and received two extensions of time to respond, the first for thirty days and the second for a further twenty days. A49-52, 65-67. When the extended deadline to respond—May 12, 2015—arrived, petitioner filed (i) a third request for an extension of time and (ii) a request to proceed under 35 U.S.C. § 24 in order to subpoena information from the North Carolina State Bar. A70-73, 78. The third request for an extension of time was granted (with the PTO's stating that no further extensions would be permitted), but the request to proceed under

---

[2] Citations to the administrative record are noted as "A" followed by the bates stamp number.

§ 24 was denied because petitioner's case was not "contested," as required by § 24 and 37 C.F.R. § 11.38.[3] A94. Petitioner requested reconsideration and leave to file an interlocutory appeal, and those requests were denied. A109, 118.

On May 15, 2015, petitioner submitted a request for discovery, asking for any material that "tends to assist in the defense of the present matter." A135. Thereafter, on June 10, 2015, petitioner renewed his May 15 request, this time invoking *Brady v. Maryland*, 373 U.S. 83 (1964), as authority. A141. The PTO's Office of Enrollment and Discipline opposed these motions, A144-147, and on July 14, 2015, a Final Order issued pursuant to 37 C.F.R. § 11.24 excluding petitioner from practice before the PTO. A152-154. Importantly, petitioner failed to file a response by his June 11, 2015 extended deadline to do so. Because there was no response filed, the PTO concluded that there were no genuine issues of material fact under 37 C.F.R. § 11.24, thus warranting exclusion from practice before the PTO pursuant to 37 C.F.R. § 11.804(h)(1), which defines as misconduct being publicly disciplined on professional misconduct grounds by any duly constituted authority of a state. A153.

Petitioner filed the instant action on August 13, 2015, pursuant to 35 U.S.C. § 32. Petitioner raises three objections to the PTO's decision: (i) violation of the PTO's *Brady* obligation to disclose exculpatory evidence, Pet. ¶¶ 1-3, (ii) violation of due process under the Fourth, Fifth, and Fourteenth Amendments, *id.* ¶ 3, and (iii) erroneous denial of discovery requests, *id.* ¶¶ 4-5.

---

[3] Under 37 C.F.R. § 11.38, "a disciplinary proceeding shall be regarded as a contested case within the meaning of 35 U.S.C. § 24" only "[u]pon the filing of an answer by the respondent."

## II.

Petitioner first argues that the PTO had an obligation to disclose information assisting in petitioner's defense under the Supreme Court's decision in *Brady*, 373 U.S. at 87, which held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."[4] Petitioner's argument fails because *Brady* does not apply in this context. As the Fourth Circuit has noted, *Brady* only applies beyond criminal prosecutions to civil proceedings "in those unusual cases where the potential consequences equal or exceed those of most criminal convictions." *Fox ex rel. Fox v. Elk Run Coal Co., Inc.*, 739 F.3d 131, 138-39 (4th Cir. 2014) (internal quotations omitted). The qualifying "unusual cases" are those in which the defendant faces a significant deprivation of liberty or in which the government's litigation tactics are particularly egregious.[5] Here, petitioner did not face a significant deprivation of liberty on par with a criminal conviction, *e.g.*, commitment to the custody of the government, nor were the PTO's litigation tactics egregious or designed to make the case impossible to defend. Indeed, the PTO granted multiple extensions of time that would *assist* petitioner in his defense. Moreover, the Fourth Circuit has expressly

---

[4] Petitioner further alleges that by violating *Brady* obligations, the PTO's solicitors also violated Rule 3.8(d), Va. R. Professional Conduct, which codifies the *Brady* obligation for attorney disciplinary purposes.

[5] In explaining *Brady*'s limited reach in the civil context, the Fourth Circuit cited with approval the decision in *Brodie v. Dep't of Health & Human Servs.*, 951 F. Supp. 2d 108, 118-120 (D.D.C. 2013). *Fox*, 739 F.3d at 139. *Brodie*, in turn, identified three narrow instances in which courts have extended *Brady* to civil administrative proceedings: (i) a denaturalization and extradition proceeding involving a Nazi war criminal who was subject to extradition to face trial on a charge carrying the death penalty; (ii) civil commitment hearings under 18 U.S.C. § 4248; and (iii) instances in which the government's litigation tactics are "egregious" or "designed to make the case virtually impossible to defend." 951 F. Supp. 2d at 118-19.

declined to extend *Brady* to cases where, as here, "the petition currently before the court involves the review of an administrative agency proceeding and not a violation of the criminal law." *Mister Discount Stockbrokers, Inc. v. SEC*, 768 F.2d 875, 878 (4th Cir. 1985). Thus, because the government action under review (i) is not a prosecution for a violation of a criminal law, (ii) is not an administrative proceeding with consequences comparable to a criminal conviction, and (iii) does not show any indication of egregious litigation tactics, *Brady* is inapplicable.

Petitioner next argues that the PTO violated petitioner's due process rights under the Fourth, Fifth, and Fourteenth Amendments through the PTO's failure to make the requested disclosures of exculpatory evidence.[6] The PTO liberally construes the petition as making out a broader claim for violation of procedural due process. Although courts customarily construe *pro se* pleadings liberally, this is not so when the *pro se* party is a trained lawyer. *See, e.g., Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001) (citing *Harbulak v. Suffolk Cnty.*, 654 F.2d 194, 198 (2d Cir. 1981)). Petitioner's due process claim is premised on the PTO's failure to disclose evidence that would tend to assist in petitioner's defense; that is, failure to comply with *Brady*. Pet. ¶ 3. The *Brady* requirement, of course, is rooted in the requirements of due process. *See* 373 U.S. at 87. Accordingly, because petitioner, a trained lawyer, asserts a due process claim premised on the PTO's failure to disclose evidence that would tend to assist in his defense, the due process claim may properly be construed as wholly duplicative of the *Brady* claim, and, therefore, petitioner's due process argument fails for the same reasons the *Brady* claim fails.

Finally, petitioner challenges the PTO's decision to deny his request to subpoena evidence. It is worth noting at the outset that neither the Constitution nor the APA requires

---

[6] The Fourth Amendment contains no due process requirement, and the Fourteenth Amendment's Due Process Clause applies only to states, not to the federal government. Accordingly, analysis properly focuses exclusively on the Fifth Amendment.

pretrial discovery;[7] rather, Congress has vested the PTO with broad discretionary power to develop rules relating to attorney conduct and discipline. *See* 35 U.S.C. § 2(b)(2); *Stevens v. Tamai*, 366 F.3d 1325, 1333 (Fed. Cir. 2004) (recognizing that 35 U.S.C. § 2(b)(2) is a delegation of plenary power over PTO practice). Although 35 U.S.C. § 24 contemplates the availability of subpoenas "in any contested case," the meaning of "contested case" is ambiguous. Where an agency charged with administering such a statute promulgates a rule defining the meaning of ambiguous language therein—as the PTO has done here by defining a "contested case" in 37 C.F.R. § 11.38—the agency's reasonable interpretation is entitled to deference. *See Regis v. Holder*, 769 F.3d 878, 881 (4th Cir. 2014). Because the PTO's determination that an attorney discipline case is not contested until the filing of an answer by the respondent is reasonable, deference is appropriate. *Cf. Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1326 (Fed. Cir. 2013) ("[S]ection 24 only empowers district courts to issue subpoenas in proceedings for which the PTO has authorized parties to present evidence by means of depositions."). Review of the PTO's application of its rule is conducted under the highly deferential APA standard. And because the administrative record shows that petitioner never filed an answer, petitioner's disciplinary matter was not a "contested case" within the meaning of 37 C.F.R. § 11.38; the PTO did not err in treating the matter accordingly and refusing petitioner's subpoena request.

With petitioner's specific objections addressed and rejected, analysis properly turns to the ultimate issue, namely whether the PTO's exclusion of petitioner from practice before the PTO complied with the requirements of the APA. The administrative record clearly shows that

---

[7] *See, e.g., Mister Discount Stockbrokers*, 768 F.2d at 878 ("Neither the Federal Rules of Civil Procedure nor the Federal Rules of Criminal Procedure apply to administrative hearings, and the Administrative Procedure Act fails to provide for discovery."); *Silverman v. Commodity Futures Trading Comm'n*, 549 F.2d 28, 33 (7th Cir. 1977) ("There is no basic constitutional right to pretrial discovery in administrative proceedings.").

reciprocal discipline was warranted.[8] Under the PTO's procedures, which are entitled to deference in light of the congressional delegation of attorney discipline authority to the PTO,[9] reciprocal discipline matters are decided "on the documentary record unless the [PTO] determines that an oral hearing is necessary." 37 C.F.R. § 11.24(d)(1). PTO regulations further mandate that reciprocal discipline "shall" issue "unless the practitioner clearly and convincingly demonstrates, and the USPTO Director finds" that there is a qualifying genuine issue of material fact, a conclusion reached by considering "any timely filed response." *Id.* Because petitioner did not file a timely answer, petitioner failed to place in the record any basis, or adduce any evidence, on which the PTO might conclude that a qualifying genuine issue of material fact existed that might render reciprocal discipline unwarranted. Importantly, the record was not devoid of such qualifying genuine issues of material fact for want of notice or opportunity to be heard; indeed, petitioner clearly had actual notice of the proceedings and made repeated requests for more time to be heard, which the PTO granted. Therefore, when petitioner failed to file a timely answer in the disciplinary proceeding, the PTO, consistent with its rules, was able to conclude "that there [was] no genuine issue of material fact," thus requiring the entry of a final order of exclusion. *See* 37 C.F.R. § 11.24(d)(2); A152-154.

---

[8] *See* A19 (Order disbarring petitioner from the practice of law in North Carolina); 37 C.F.R. §§ 11.804(h), 11.24 (reciprocal discipline is appropriate when an attorney is disciplined in another jurisdiction).

[9] *See Regis*, 769 F.3d at 881; *Lacavera v. Dudas*, 441 F.3d 1380, 1383 (Fed. Cir. 2006) ("Under 35 U.S.C. § 2(b)(2), the PTO has broad authority to govern the conduct of proceedings before it and to govern the recognition and conduct of attorneys."); *Stevens*, 366 F.3d at 1333.

## III.

In sum, there is no basis to conclude that the PTO's decision to exclude petitioner from practice before the agency was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706.

Accordingly, and for good cause,

It is hereby **ORDERED** that the decision of the PTO is **AFFIRMED** and petitioner's petition for judicial review is **DISMISSED**.

The Clerk is directed to place this matter among the ended causes and to send a copy of this Order to all counsel of record and to the *pro se* petitioner.

Alexandria, Virginia
November 24, 2015

/s/
_____
T. S. Ellis, III
United States District Judge